### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 8:07CR213** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **TENTATIVE FINDINGS** |
| ) | |
| **TERRY G. HAMMOND,** ) | |
| ) | |
| **Defendant.** ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing Nos. 44, 46).[1]  *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The PSR alleges that the Defendant is a career offender. (PSR, ¶ 35.) The three qualifying prior convictions are set out in ¶¶ 41 and 42. According to the Addendum to the PSR, the Defendant argues that the offense of attempted second degree sexual assault in ¶ 41 is not a crime of violence for purposes of the career offender guideline and, therefore, he is not a career offender.

In defining a crime of violence, U.S.S.G. § 4B1.2(a)(1) includes an offense under state law that includes an element of "use, attempted use, or threatened use of physical force against the person of another." Crimes of violence include forcible sex offenses. U.S.S.G. § 4B1.2 cmt. n.1. In determining whether a specific prior offenses meets the

---

[1] The Defendant first filed objections to ¶¶ 35 and 40. (Filing No. 44.) The Defendant then filed a "Statement" in which he objects to ¶ 35. (Filing No. 46.) Therefore, the objection to ¶ 40 is deemed abandoned.

definition of crime of violence, the "the offense of conviction (i.e., the conduct of which the defendant was convicted) is the focus of the inquiry." *Id.* n.3. The version of Neb. Rev. Stat. § 28-320 in effect at the time of the Defendant's 1996 conviction stated that "[s]exual assault shall be in the second degree and is a Class III felony if the actor shall have caused serious personal injury to the victim." Neb. Rev. Stat. § 28-320(2) (1995) (NE Legis 371 (1995)). The facts of the offense as reported in ¶ 41 and the Nebraska statute indicate that the issue raised should be decided in favor of the government. However, due to the effect on the Defendant of a career offender designation, this matter will be heard at sentencing.

IT IS ORDERED:

1. The Defendant's objection to ¶ 35 of the Presentence Investigation Report (Filing Nos. 44, 46) will be heard at sentencing;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 25th day of March, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge