# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

TERRY G. HAMMOND,

Defendant.

8:07CR213

MEMORANDUM AND ORDER

This matter is before the Court on the Defendant's Motion for Second or Successive 28 U.S.C. § 2255, ECF No. 74. Although second or successive motions under § 2255 must be certified by a panel of the appropriate court of appeals, see § 2255(h), the Defendant's first motion under § 2255 was dismissed without prejudice, see ECF No. 72, and the Court construes his pending Motion as an initial motion under § 2255.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Section 2255(f) requires all § 2255 motions to be filed within one year from:

(1)     the date on which the judgment of conviction becomes final;

(2)      the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

## BACKGROUND

The Defendant Terry G. Hammond entered a plea of guilty to Count I of the Indictment, charging him with distribution or possession with intent to distribute at least 500 grams of methamphetamine, in violation of 21 U.S.C. § 846.   On April 2, 2008, Judgment was entered, sentencing Hammond to a term of 262 months incarceration, and five years of supervised release.   He was determined to be a career offender under U.S.S.G. § 4B1.1, based on prior convictions for drug trafficking and attempted second degree sexual assault.    Although his counsel objected to the career offender classification, the Court overruled the objection, noting:

In defining a crime of violence, U.S.S.G. § 4B1.2(a)(1) includes an offense under state law that includes an element of "use, attempted use, or threatened use of physical force against the person of another." Crimes of violence include forcible sex offenses. U.S.S.G. § 4B1.2 cmt. n.1. In determining whether a specific prior offenses meets the definition of crime of violence, the "the offense of conviction (i.e., the conduct of which the defendant was convicted) is the focus of the inquiry." *Id.* n.3. The version of Neb. Rev. Stat. § 28-320 in effect at the time of the Defendant's 1996

conviction stated that "[s]exual assault shall be in the second degree and is a Class III felony if the actor shall have caused serious personal injury to the victim." Neb. Rev. Stat. § 28-320(2) (1995) (NE Legis 371 (1995)).

ECF No. 47, Page ID 183-84.

In his pending Motion, the Defendant asserts that he should not have been sentenced as a career offender, because his prior conviction for attempted second degree sexual assault no longer qualifies as a predicate offense following the Supreme Court decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016).

## DISCUSSION

In *Johnson*, the Supreme Court held the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. §924(e)(1), (the "ACCA"), to be unconstitutionally vague, and therefore void. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held "that *Johnson* is retroactive in cases on collateral review[.]" 136 S. Ct. at 1268. In *Mathis*, the Supreme Court held that the 15-year mandatory minimum term under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), (e)(2)(B)(ii), is applicable only where the elements of predicate offenses committed by a defendant correspond with the elements of the generic predicate offenses listed in the ACCA. In other words, if a defendant is convicted under a state criminal statute that provides alternative means for commission of the crime, and those means are broader than the elements of the generic version of the predicate crime under the ACCA, the conviction may not be used as a predicate offense for purposes of the ACCA, even though the

defendant's actual conduct fell within the definition of the generic crime. *Mathis*, 136 S. Ct. at 1156-57.

In *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), the Supreme Court held that the Guidelines, including career offender sections, are not subject to vagueness challenges that may be asserted with respect to the ACCA.

Hammond was determined to be a career offender under the Sentencing Guidelines. His § 2255 Motion will be summarily denied for the following reasons. First, in his plea agreement he waived his right to initiate post conviction proceedings except in limited circumstances, none of which is applicable here. Second, the Supreme Court in *Johnson* and *Mathis* did not recognize any new right asserted by Hammond or made retroactively applicable to his case on collateral review. Third, even if the Supreme Court had recognized such a new right in *Johnson* and/or *Mathis*, Hammond's § 2255 Motion would be untimely. Fourth, Hammond's predicate offenses fall squarely in the scope of § 4B1.2.

Accordingly,

IT IS ORDERED:

1.      The Court has completed the initial review of Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 74;

2.      Upon initial review, the Court summarily dismisses Defendant's claims raised in the § 2255 motion;

4

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order and the Court's Order at ECF No. 72, to the Defendant at his last known address.

DATED this 31st day of October, 2017.

BY THE COURT:


s/Laurie Smith Camp
Chief United States District Judge