IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:07CR213 |
| v. | |
| TERRY G. HAMMOND | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Terry G. Hammond's ("Hammond") Motion to Reduce Sentence (Filing No. 77). Hammond requests a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). The government opposes the motion (Filing No. 88). The Court has carefully reviewed the parties' submissions, Hammond's medical records, and the Compassionate Release Investigation Report submitted by the United States Probation and Pretrial Services Office (Filing No. 81). For the following reasons, Hammond's motion is denied.

I. BACKGROUND

Hammond entered a plea agreement on January 14, 2008 (Filing No. 35), in which he pleaded guilty to conspiracy to distribute and intent to distribute 500 grams or more of methamphetamine. The Court accepted his plea and plea agreement (Filing No. 43).[1]

Before sentencing, Hammond objected (Filing Nos. 44, 46) to the presentence investigation report ("PSR"), which designated him a "career offender" under United

---

[1] Hammond's plea hearing was held in front of the Honorable Thomas D. Thalken, United States Magistrate Judge, who entered a report and recommendation (Filing No. 39) that Hammond's guilty pleas and plea agreement be accepted. The Court adopted the report and recommendation (Filing No. 43).

States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 4B1.1(a).[2] The report based the classification on two prior felony convictions—one for drug distribution and one for attempted second-degree sexual assault (the "attempted sexual assault").

At sentencing, Hammond "urge[d] the Court to find that on the facts of [the attempted sexual assault] and conviction that it did not fit the definition of a crime of violence." The Court overruled Hammond's objection. Hammond was sentenced to 262 months in prison followed by 5 years of supervised release.

Hammond previously filed two motions seeking relief from his sentence. On March 15, 2016, Hammond, through counsel, filed a Motion to Vacate and Correct Sentence under 28 U.S.C. § 2255 (Filing No. 69). He argued that under *Johnson v. United States*, 576 U.S. 591 (2015), his attempted sexual assault no longer qualified as a crime of violence.[3] Hammond then moved to voluntarily dismiss that motion on March 9, 2017 (Filing No. 71), stating after "consider[ing] the merits" he decided "not to seek § 2255 relief at this time." The Court dismissed the motion without prejudice (Filing No. 72).

Later, Hammond filed a pro se Motion for Second or Seccessive [sic] 28 U.S.C. § 2255 (Filing No. 74), which the Court construed as an initial motion. The Court then dismissed that motion upon initial review, finding, among other things, that

---

[2]"A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

[3]In *Johnson*, the United States Supreme Court found the residual clause of the Armed Criminal Career Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague. 576 U.S. at 597. The clause defined a "violent felony" as one involving "conduct that presents a serious potential risk of physical injury to another." *Id.* at 591 (quoting 18 U.S.C. 924(e)(2)(B)). Hammond argued § 4B1.2(a) had an "identically-worded residual clause" to the one in *Johnson* and was therefore also void for vagueness. On August 1, 2016, in response to an influx of litigation following *Johnson*, the United States Sentencing Commission amended the definition of "crime of violence." *See* SUPPLEMENT TO U.S. SENT'G GUIDELINES MANUAL, introductory letter (U.S. SENT'G COMM'N 2016).

Hammond waived his right to post-conviction relief in his plea agreement and that Hammond's "predicate offenses f[e]ll squarely in the scope" of § 4B1.2(a)'s "crime of violence" definition.

Now, at age 61 and after fifteen years of incarceration, Hammond seeks relief through a different mechanism: compassionate release under the First Step Act. He has satisfied the statutory requirements for review, *see* 18 U.S.C. § 3582(c)(1)(A), and his motion is ready for disposition. Hammond has a projected-release date of January 16, 2026, with a home-detention-eligibility date of July 16, 2015. He asks the Court to reduce his sentence to time served.

## II. DISCUSSION

As amended by the First Step Act, § 3582(c)(1)(A)(i) allows Hammond to move for a sentence reduction. The Court can only grant Hammond's request for "extraordinary and compelling reasons."

The Court also must consider the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of Hammond's convictions; Hammond's history and characteristics; and the need for the sentence to reflect the seriousness of his crimes, promote respect for the law, and provide just punishment. *See* 18 U.S.C. § 3553(a). Hammond's sentence should also deter criminal conduct, protect the public, and promote rehabilitation. *Id.*

Hammond's central argument is that his age and health conditions put him at heightened risk if he were to contract COVID-19. He also argues his rehabilitation supports his release.

Hammond describes his health as "deteriorating." He has suffered from psoriasis and high blood pressure since before his incarceration. He now also has type 2 diabetes, stage 2 chronic kidney disease, hypertension, high cholesterol, thrombocytopenia, and benign prostatic hyperplasia. Though his weight fluctuates, he is typically considered

3

obese. Hammond uses an inhaler for breathing issues since recovering from COVID-19 in December 2020.

The government notes Hammond is fully vaccinated against COVID-19 and points to the low infection rates in his facility, arguing "Hammond's risk of contracting COVID-19 again while incarcerated is not significantly higher than his risk of contracting the virus in the community." Although the Court agrees with Hammond that vaccines are "not foolproof," they are effective at mitigating the risk of COVID-19, even for those with existing health complications.

Though not binding,[4] the Court finds the discussion of health conditions in the United States Sentencing Commission's ("Sentencing Commission") policy statement instructive. *See* U.S.S.G. § 1B1.13. The commentary to § 1B1.13 includes a list of circumstances in which "extraordinary and compelling reasons exist." One is a terminal illness such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." U.S.S.G. § 1B1.13, cmt. 1(A)(i). Another is a serious physical or cognitive impairment, or physical or mental decline caused by aging, that "substantially diminishes the ability of the defendant to provide self-care" while incarcerated and for which he "is not expected to recover." *Id.* § 1B1.13, cmt. 1(A)(ii).

The Court acknowledges Hammond's "deteriorating" health may increase his risk of serious illness from COVID-19. However, considering Hammond's medical records and health conditions as a whole, the Court finds Hammond's health issues do not

---

[4]Courts can reduce a sentence "consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Rodd*, 966 F.3d 740, 746 (8th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). The policy statement in U.S.S.G. § 1B1.13 has not been amended since the First Step Act passed, so it is not binding on the Court. *See id.* The Court nevertheless finds the policy statement and its commentary relevant to its assessment. *See United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

constitute "extraordinary and compelling" reasons for his release, even with the threat of COVID-19.

Hammond also points to evidence of his rehabilitation. He completed several educational programs in prison, including parenting, typing, and drug-education courses. He has been employed by the Bureau of Prisons ("BOP") UNICOR program throughout his incarceration. Additionally, he maintains a strong relationship with his family. The BOP rates both his participation in programming and daily living skills as "good."

The Court commends Hammond for his rehabilitation efforts but must also weigh the other § 3553(a) factors. On balance, those factors weigh in favor of denying compassionate release at this time. *See United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020) (stating courts have "broad discretion in determining whether proffered circumstances warrant a reduction in sentence").

Hammond's extensive criminal history includes violent crimes, particularly against women with whom Hammond had a relationship. The attempted sexual assault was against his ex-wife and witnessed by their children. He also has one domestic-assault conviction and two convictions for violating a restraining order. He has several other convictions spanning nearly thirty years, including a separate drug-distribution conviction.

There is also evidence of Hammond's past recidivism. As the government points out, Hammond "committed the instant offense less than one month after being released from jail" for another offense, and less than a year after his release from jail for his domestic-assault conviction. While incarcerated he has had four disciplinary incidents, two of which were for fights. Although Hammond states "he does not pose a danger to others," the Court must consider the risk he poses to the public given his extensive criminal history and past recidivism.

Finally, Hammond asserts if he were sentenced for the same offense today, he "would receive a substantially shorter sentence." However, the Eighth Circuit has made

clear that a non-retroactive change in the law cannot constitute an "extraordinary and compelling reason" for compassionate release. *See United States v. Crandall*, 25 F.4th 582 (8th Cir. 2022).

Hammond attempts to distinguish his case from *Crandall* by saying the "new legal developments" are factors "relevant to the § 3553(a) analysis," but not "extraordinary and compelling" reasons on their own. Regardless, considering all § 3553(a) factors—including the need for "just" punishment—the Court reaches the same conclusion.

After careful review and consideration of Hammond's arguments and the relevant § 3553(a) factors, the Court finds Hammond has not demonstrated "extraordinary and compelling reasons" for a sentence reduction at this time. Accordingly, Hammond's Motion to Reduce Sentence (Filing No. 77) is denied.

IT IS SO ORDERED.

Dated this 7th day of November 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge